William J. FISHER and Jean Fisher,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. No. 3846.

United States District Court
S. D. Ohio, W. D.

June 17, 1958.

Robert N. Ziegler, Cincinnati, Ohio, for plaintiffs.

Hugh K. Martin, U. S. Atty., Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This matter came on to be heard on the plaintiffs' amended complaint; the answer of defendant; the stipulations of counsel and the evidence, and was submitted to the Court without the intervention of a jury upon testimony adduced in open court on trial of the issues raised as to damages sustained by the plaintiffs.

Findings of Fact

The Court finds as the controlling facts in this case upon hearing hereof that personal injuries were sustained both by plaintiff, William J. Fisher, and his wife, Jean Fisher, and that certain out-of-pocket expenses by reason of damage to his automobile were also incurred.

The injuries were received by the two plaintiffs as they were driving in their 1948 Plymouth in a northerly direction on Jefferson Avenue, a public highway located in the City of Cincinnati, Hamilton County, Ohio, at about 5:10 o'clock

P.M. on the 12th day of June 1955. At that time, the defendant's agent, Harry B. Scheid, was operating a 1954 Dodge mail truck in the course of his employment with the Post Office Department of the U. S. Government in a westerly direction on West Daniels Street at its intersection with Jefferson Avenue. At that time and place, the defendant's agent, Harry B. Scheid, failed to stop at the intersection of Daniels and Jefferson Avenue and ignored a traffic control stop sign located on and controlling the flow of traffic from West Daniels Street into Jefferson Avenue, which was erected by and pursuant to ordinance of the City of Cincinnati.

The Court further finds that the said Harry B. Scheid did not yield the right of way to the plaintiff, William J. Fisher, and that he also at that time was operating the defendant's mail truck at a speed greater than was reasonable and proper having due regard to all the facts and circumstances. At that time and place, the Court finds that the mail truck operated by defendant's agent struck the Plymouth automobile driven by plaintiff, William J. Fisher, a very forcible blow and that the impact was so great that it knocked the plaintiff's automobile in a diagonal direction clear across the intersection for a distance of approximately 60 feet.

In the course of the impact, plaintiff, William J. Fisher, was thrown out of the driver's seat, striking his left knee on certain parts of the automobile, and also suffered bruises and contusions. The medical testimony later determined that he had suffered a tear of the medial meniscus of said knee, which later required extensive medication and physiotherapy treatments involving approximately 18 trips to the hospital over a period of approximately one year following the injury.

Plaintiff, Jean Fisher, at the time of the impact was thrown out of the automobile in which she was riding onto the street. However, at the same time, her right foot was caught in the door of plaintiff's automobile, and in that position, she was dragged on her back the entire distance of approximately 60 feet across the intersection. She suffered a severe fracture of her right astragulas, extensive bruises and contusions about the body and shock to her nervous system, which was substantially aggravated by the fact that she was eight months pregnant at the time with her first child for whom she and her husband had waited earnestly for approximately six years. She thereafter in the course of extensive medical treatment had to endure the added discomfort of a large cast above her knee while the ankle healed for approximately six weeks, and that her condition of pregnancy made her pain and suffering even more unpleasant and pronounced.

The medical facts and circumstances in this case were corroborated by the testimony of an eminent orthopedic surgeon of this City who attended both plaintiffs over a period of time and who testified at some length as to his findings and treatment of these plaintiffs.

The Court further found upon testimony of the plaintiff and a reputable automobile dealer in this City that the plaintiff's 1948 Plymouth automobile was demolished and that it was worth approximately $300 prior to the collision and immediately thereafter, it had only scrap value to the extent of approximately $30.

The Court further finds as a fact that plaintiff suffered additional out-of-pocket expenses for medical and hospital services in the amount of $587; that he had to pay for domestic and nursing care for his wife in the amount of $150; and loss of time from work and incurred expenses by reason of numerous trips to the hospital, all as a result of the collision.

### Conclusions of Law

The Court finds as its conclusions of law in this case:

1. That the plaintiff, William J. Fisher, was lawfully proceeding in his automobile on Jefferson Avenue, and at the time and place indicated, defendant's

agent, Harry B. Scheid, negligently, recklessly, at a greater speed than was proper, and in violation of a valid traffic control stop sign drove the defendant's mail truck into the plaintiff's car causing the damages as set forth hereinabove;

2. That at the time and place set forth hereinabove defendant's agent, Harry B. Scheid, was operating defendant's mail truck in and pursuant to the scope of his employment, and that defendant is responsible to these plaintiffs for the aforesaid acts of defendant's agent;

3. That the aforesaid acts of defendant's agent were the proximate and sole cause of the aforesaid damages and injuries to these two (2) plaintiffs as set forth hereinabove;

4. That by reason of the above, the Court finds that the defendant is liable to the plaintiff, William J. Fisher, in the total amount of $1,750, and that defendant is liable to the plaintiff, Jean Fisher, in the total amount of $2,500, and that defendant by reason of this liability should also be required to pay the costs of this action.

An entry may be presented embodying the above finding of this Court.